## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY HENDERSON,      :
:
*Petitioner,*     :
:
v.     :     No. 2:25-cv-02736
:
COURT OF COMMON PLEAS-PHILA CO.,  :
:
*Respondents.*     :

### ORDER

AND NOW, this 10th day of March, 2026, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (Dkt. 1), and after review of the Report and Recommendation of United States Magistrate Judge Scott W. Reid (Dkt. 20) and Petitioner's objections thereto (Dkt. 21), IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. Petitioner's objections are OVERRULED.

3. The Petition for a Writ of Habeas Corpus is DENIED; there is no basis for the issuance of a certificate of appealability.[1]

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1]    As stated in Judge Reid's Report and Recommendation, Petitioner has not exhausted the remedies available in state court, as required by 28 U.S.C. § 2254(b). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This Petition comes to the Court before Petitioner's trial. This posture in itself does not present a

problem, as "federal courts have 'pre-trial' habeas corpus jurisdiction[.]" *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Nevertheless, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Id.* (citations omitted). Here, the states courts have not yet addressed the claims Petitioner advances. Judge Reid correctly observes the record here "does not reveal that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance', justifying pre-exhaustion federal habeas relief." *Id.* at 447 n.12.

Petitioner disagrees. *See* Objection at ¶ 1 (Dkt. 21) ("Petitioner has been (1) **harassed** with the attempts at uncounseled meritless mental health evaluations. The competency proceedings [were] (2) **intentionally** initiated in (3) **bad faith** to excuse the excessive (4) **[d]elays**." (emphases in original)). Yet Petitioner's conclusory assertions do not establish the extraordinary circumstances that would justify this Court's involvement at this stage. There is no reason to believe the state courts would be unable to adequately address Petitioner's concerns. The rest of Petitioner's objections merely restate the substantive claims from his Petition. These claims do nothing to refute the essential reasoning of the Report and Recommendation, namely, that Petitioner failed to exhaust his remedies in state court. Accordingly, this Court finds Petitioner's objections to be without merit.